Argued April 10, reversed April 29, 1919.

## BURCH v. CITY OF AMITY.

(180 Pac. 312.)

**Municipal Corporations—Streets—Suit by Property Owner—Burden of Proof.**

1. Defendant city having denied plaintiff's allegations, *held*, that the burden of proof was on plaintiff property owner to establish that there was a public road or highway running through defendant city between certain blocks as shown on the recorded plat of the city, that the portion of the road within the city limits was known as Nursery Street, that plaintiff's property formed the north line of such road, and that what was within the city known as Nursery Street was in fact a county road.

**Evidence—Judicial Notice—Location of Buildings.**

2. The Supreme Court cannot take judicial notice of the former existence or respective locations of a certain schoolhouse and church or old meeting-house, or of a certain tavern.

[As to judicial notice—Boundaries, see note in 82 Am. St. Rep. 445.]

**Municipal Corporations—Streets—Identity With County Road—Sufficiency of Evidence.**

3. In suit by a property owner against the city to prevent enforcement against the property of a lien for straightening the line of the street on which it abutted, evidence *held* insufficient to show the location of the old county road which plaintiff alleged was coterminous with the street in the city.

From Yamhill: Harry H. Belt, Judge.

Department 2.

The defendant is a municipal corporation. It is alleged in paragraph 2 of the complaint and admitted that the plaintiff is the owner of "the west half of the east half of Block 11 in Amity, according to the plat thereof on file in the county clerk's office in Yamhill County." In clause 3 it is alleged in substance and denied that for more than fifty years a public road has existed through the City of Amity, passing between Blocks 4 and 11 of the original town of Amity, as shown upon the recorded map thereof, and that this portion of the county road within the city limits "is sometimes, for convenience, termed Nursery Street." The county road running north and south through Amity is sometimes known as Trade Street, "but running east from Trade Street is commonly known as Nursery Street within the limits of said corporation; that the property of this plaintiff forms the north line of said county road known within the limits of said municipality as Nursery Street, and that which is thus known as Nursery Street is in fact the county road, which is now and has been for more than fifty years used as a sole communication between points in and about Amity," etc. As to paragraph four of the complaint, the defendant "admits that the property of the plaintiff forms the north line and abuts upon Nursery Street in the City of Amity, Yamhill County, Oregon," but denies each and every other allegation. In paragraph six it is alleged:

"That said county road within said true city limits known as Nursery Street is subject to the control of the State of Oregon and under the jurisdiction of the County Court of the State of Oregon in and for Yamhill County; that said defendant has attempted to exercise jurisdiction over said road known as Nursery

Street and particularly that portion thereof fronting along the property of this plaintiff."

The defendant admits that it "has exercised jurisdiction over said Nursery Street" and specifically denies all other allegations of paragraph 5. Paragraphs 7, 8, 9, 10 and 11 set out the alleged proceedings of the City of Amity by which it undertook to straighten the boundary line of Nursery Street and create a lien upon plaintiff's property for her *pro rata* share of the expense, all of which is substanially admitted by the defendant. In paragraph 12 it is alleged:

"That neither the State of Oregon nor the county of Yamhill by legal or other means has turned the control or ceded the control or jurisdiction of said county road, or any portion thereof, to the said City of Amity, and that said municipality had no right to improve the same (being said portion known also as Nursery Street) or change or assess any costs against the adjacent property or otherwise," etc., and that "said municipality had no jurisdiction or control thereof."

The defendant specifically denies the allegations of paragraph 12.

As a further and separate answer the defendant city alleges its incorporation and says that the plaintiff "ought not to be admitted to plead her said complaint or allege or say that the said Nursery Street described in her complaint is not a street of the City of Amity" by reason of the fact that on the seventh day of February, 1859, J. B. Walling *et ux.,* through whom plaintiff deraigns title, filed and recorded a plat of the City of Amity and designated one of the streets thereon as Nursery Street, and that plaintiff, with others, acquired her title with reference to said plat, and in December, 1897, joined in the execution of a

deed to Lot 4 in Block 4 as the same appears upon said plat, and as a further and separate answer pleads the proceedings of the city council authorizing such improvements and the creation of such alleged lien.

To the further and separate answers of the defendant, plaintiff filed a reply in which she made specific denial of the matters therein alleged.

After the testimony was taken the trial court made findings of fact and conclusions of law and rendered a decree in favor of the plaintiff to the effect that the proceedings of the city were null and void and that its officers and agents should be enjoined from entering or enforcing any lien for the improvements and that such alleged lien was null and void, and for the costs of the suit; from which decree the defendant appeals, assigning numerous errors, among which it is claimed that "the court erred in finding that Nursery Street in the City of Amity was a county road running through the City of Amity"; that "said court erred in finding that the said Nursery Street was subject to the control of the State of Oregon and under the jurisdiction of the County Court of the State of Oregon in Yamhill County"; that "said court erred in finding that the City of Amity had no jurisdiction over Nursery Street"; that "said court erred in finding that no legal dedication was ever made of said Nursery Street"; and that in general the court erred in deciding that the city did not have jurisdiction of the subject matter, that the proceedings were void and that the plaintiff was entitled to any relief.   REVERSED.

For appellant there was a brief over the names of *Messrs. McCain & Vinton* and *Mr. Virgil H. Massey,* with an oral argument by *Mr. Vinton.*

For respondent there was a brief and an oral argument by *Mr. Frank S. Grant.*

JOHNS, J.—1. The defendant having denied such allegations, the burden of proof is upon the plaintiff to establish by the evidence that there was a public road or highway running through the defendant city between Blocks 4 and 11 on the north and Blocks 5 and 10 on the south, as shown upon the recorded map or plat of the town; that

"that portion thereof which is within the city limits is known or termed as Nursery Street; that the property of plaintiff forms the north line of said county road known within the limits of such municipality as Nursery Street; and that which is there known as Nursery Street is in fact the county road, which is now and has been for more than fifty years used as a county road."

Thomas B. Jackson, a witness for the plaintiff, testified that he had lived in Amity from 1851 to 1870 and that he was familiar with the county roads in and around Amity.

"Q. Now, Mr. Jackson, you know where the public square is in Amity?

"A. Well, I can't say that I do. We didn't recognize any public square there when I lived there.

"Q. Do you know where the Walling Tavern used to be?

"A. I do, yes.

"Q. Now, the thoroughfare running between where the schoolhouse and the old meeting-house used to be and the Walling Tavern, what was that?

"A. That was the road from Amity to Matheny's Ferry, that is the one running east and west, running between the schoolhouse and the Walling Tavern; the Walling Tavern property was on the north side of the road and the church and schoolhouse were on the south side of the road.

"Q. Is the road that you were over this morning identical or similar to the road you traveled in 1851 to 1859?

"A. I regard it as identically the same road."

Phoebe Burch testified for the plaintiff that she lives in Amity and is eighty-two years old.

"Q. Do you know—can you say whether or not the road or passageway running between the schoolhouse and where the old tavern used to be—you know that road leading to Matheny's Ferry?

"A. Yes.

"Q. How long has that been traveled, to your recollection?

"A. It has been traveled all my life you might say, ever since I have been there.

"Q. Was it known as the county road?

"A. Yes, sir.

"Q. Now, did this road go through what he laid out as the town of Amity? Did the road run though it? Was the land he platted on both sides of this road or was it?

"A. Yes."

Three different plats were introduced in evidence, the first of which purports to be "a plat of the Town of Amity in Yamhill County, Oregon Territory, filed of record February 7, 1859," consisting of fourteen blocks, of four lots each, without the names or width of any streets or any information as to where the ground is located. The second was filed for record September 1, 1890, and apparently embraces the same and adjoining lands, designates the streets thereon, and locates Nursery Street as running east and west and lying between Blocks 4 and 11 on the north and Blocks 5 and 10 on the south of the original plat, but it does not appear from the map that any of said lands are tied to a government corner or that their exact location is described by any specific survey. The third

was filed May 11, 1899, and for the first time the lots and blocks are tied to a government corner and defined by an actual survey, but there is nothing on either of said plats which shows or would tend to show where the schoolhouse, the church or old meeting-house, or the Walling Tavern were ever located. No reference is made to any one of them on either of the plats and there is no testimony in the record as to where either of them was located.

2. This court cannot go outside of the record, and while the witnesses and the litigants may know where the schoolhouse, the church or old meeting-house, or the Walling Tavern were situated in the town of Amity fifty years ago, the court cannot take judicial knowledge of their former existence or respective locations, and, in the absence of testimony, would not have any judicial knowledge of where either of them was ever located.

3. Assuming, without deciding, that there was an old county road somewhere within the corporate limits of the defendant city, without proof of such landmarks there is no evidence on the part of the plaintiff as to where the road was actually located or as to whether it would cover or include the same or any portion of the land known and described as Nursery Street.

While it is true there is some testimony on the part of the defendant tending to show the existence of an old county road somewhere within the corporate limits of the town, yet its exact location is a matter of conjecture and speculation, upon which a court could not render a decree.

The decree is reversed, neither party to recover costs in either court.        REVERSED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.